FILED

2024 SEP 19  P 2: 31

Date: 08/24/2024
To: Judge David Novak
From: Mohammed Azharuddin Chhipa
**Current Attorneys:** Jessica Nicole Carmichael & Zachary Deubler
**Case Number:** 1:23-cr-97
**Re:** Motion to Allow Communication with Spouse, Allison Ekren

Dear David Novak,

I am writing to respectfully request that the Court grant me permission to communicate with my wife, Allison Ekren. I have been deprived of this basic right for nearly two years, despite consistently informing both my current and former attorneys that I wished to communicate with her since the very beginning of my case. Communication with my wife is crucial, and I believe the FBI and government are fully aware of this, as they have been monitoring and surveilling me for years using improper methods.

Contrary to the allegations made against me that I was attempting to flee the country, the truth is that I have been focusing on gaining custody of my six children—Osama Ekren, Fatima Ekren, Khadija Ekren, Sumeyah Ekren, Asiyah Ekren, and Zubayr Ekren—since before they even arrived in the U.S. in January 2022. I have overwhelming evidence and proof to back this up, and I can state with certainty that no party disputes these facts. I was working tirelessly to make arrangements for my children's well-being as early as November 2021, and any claim to the contrary is not supported by evidence.

## Factual Background

1. **Efforts to Gain Custody of My Children**: Since November 2021, I have made every effort to secure custody of my six children. This included working overtime to earn enough money to support them, purchasing furniture, and upgrading my housing situation to meet state requirements. I moved from a two-bedroom, two-bathroom apartment in Fairfax, Virginia, where only my parents and I resided, to a five-bedroom, five-bathroom townhouse in Centreville, Virginia. The reason for this move was to ensure my children would have sufficient space to live with me under one roof, per Virginia's housing regulations for child custody. I paid nearly $1,000 more each month in rent to provide for them. These facts are not in dispute.
2. **Hiring a Private Adoption Lawyer**: I hired Ms. Maggy Vaughn, a private adoption attorney in Northern Virginia, and paid her approximately $40,000 to represent me and my parents in the custody proceedings in Loudoun County. This is an indisputable fact. I also purchased thousands of dollars' worth of furniture for my children, following my attorney's advice. I have receipts and documentation to substantiate this, and no party disputes the validity of these facts.
3. **Court Bias and Injustice**: Throughout the court proceedings in Loudoun County, I have experienced bias and unfair treatment. Judge Pamela Brooks, who presided over one of my hearings, was inattentive and disrespectful while my attorney and I presented our case. She showed a stark contrast in behavior when listening to the Child Protective Services (CPS) lawyer, Ms. Leslie Barnes, and the Guardian Ad Litem, Ms. Elizabeth

SA

      Vaughn. CPS officers Ms. Savannah Gallegos and Mr. Chandler Evans were also present during these proceedings. These facts are indisputable and reflect the bias I have faced.

4. **Inappropriate Questioning by Judge Irgby/Igby**: In another proceeding in the Circuit Court of Loudoun County, Judge Irgby (or Igby) questioned me about sending money to women, children, widows, orphans, and the needy in the Middle East. This line of questioning was irrelevant to the custody case and suggests that the FBI and government have been orchestrating a biased and rigged system against me. No party disputes that these questions had nothing to do with the custody of my children.

### Arrest and Suppression of My Rights

On May 4, 2023, the FBI arrested me, alleging I was attempting to flee the country. This claim is patently false. I was arrested the day before my wife's Court of Appeals hearing on May 5, 2023, regarding the custody of our children. I was a key witness in that case and was fully prepared to testify. The FBI and government knew this, and I firmly believe that my arrest was orchestrated to prevent me from presenting the overwhelming evidence in our favor and to suppress the truth from coming to light.

During the custody proceedings, even the CPS agent involved in my case testified under oath that the only reason I was not given custody of my children was because the FBI instructed them not to. This testimony alone proves the corruption, bias, and unjust actions taken against me and my family. These facts are irrefutable, and no party disputes them.

The accusations that I was attempting to flee, was a danger to the community, or was involved in any wrongdoing are baseless and part of a broader effort to obstruct justice. The government's true motive was to prevent the Court of Appeals from granting me custody of my children by ensuring I was arrested before I could testify.

### Request for Relief

Given these facts, I respectfully request that this Court grant me permission to communicate with my wife, Allison Ekren. This communication is vital to my legal rights and to the well-being of our family. The prolonged deprivation of contact with my wife is unjust and serves no legitimate purpose.

Additionally, I request that this and all other motions I file in this case be unsealed and made publicly accessible. I believe transparency is essential to exposing the truth and ensuring justice. There has been excessive censorship, sealing, and redaction of documents in my case, and I wish for the public to have full access to all information.

Finally, I request that a copy of this letter motion be mailed back to me at the detention facility where I am currently cage, with an acknowledgment of receipt.

Sincerely,
Mohammed Chhipa