IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOHAMMED AZHARUDDIN CHHIPA,<br>*Defendant.* | Case No.: 1:23-cr-97 (DJN) |

## DEFENDANT'S TRIAL BRIEF

Mohammed Azharuddin Chhipa, by counsel, submits the following Trial Brief in accordance with this Court's January 29, 2024 Order, Dkt. 99, laying out a brief procedural and factual history of the matter, the elements of the offenses charged, and any evidentiary issues that may arise during the course of the trial.

## STATEMENT OF THE CASE

### I. Procedural Background

On May 4, 2023, the Honorable Lindsey R. Vaala, United States Magistrate Judge, authorized a complaint and arrest warrant for Mr. Chhipa, charging him with one count of providing and attempting to provide material support to a designated terrorist organization, to wit, Islamic State of lraq and al-Sham ("ISIS"), knowing that the organization is a designated FTO, that the organization has engaged or engages in terrorist activity, or that the organization has engaged or engages in terrorism in violation of Title 18, United States Code, Section 2339B. *See* Dkt. 3, 7. The same day, Mr. Chhipa was arrested by agents of the FBI, and he made his initial appearance on May 5, 2023. *See* Dkt. 10.

On May 10, 2023, the Honorable John F. Anderson, United States Magistrate Judge, held both a Detention and Preliminary hearing on the aforementioned arrest warrant, Dkt. 15; wherein

1

Mr. Chhipa agreed to waive his right to a Preliminary Hearing, Dkt. 16, and Judge Anderson ordered Mr. Chhipa detained pending trial. *See* Dkt. 17. Mr. Chhipa has remained incarcerated since his arrest.

On May 24, 2023, a grand jury in this district returned an indictment charging Mr. Chhipa with five counts of providing, attempting to provide, and conspiring to provide material support to ISIS, in violation of 18 U.S.C. §§ 2339B and 2 (aiding and abetting the same). *See* Dkt. 22. On August 18, 2023, the government filed a notice of its intent to use information obtained through the Foreign Intelligence Surveillance Act ("FISA") at trial. *See* Dkt. 50.

On January 5, 2024, this Court granted Mr. Chhipa's motion to appoint new counsel, wherein the undersigned counsels were appointed, pursuant to the Criminal Justice Act, to serve as Mr. Chhipa's counsel, Dkt. 87, "essentially requiring defense preparation to start anew." Dkt. 100, pg. 3.[1]

On or around January 18, 2024, this matter was reassigned from Senior Judge T.S. Ellis III, and Judge Michael S. Nachmanoff to the Honorable David J. Novak. *See* Dkt. 91. On or around January 25, 2024, undersigned counsel received from the Office of the Federal Public Defender the discovery that had been previously provided in this case. *See* Dkt. 97, pg. 2. On January 29, 2024, this Court scheduled the instant matter for trial to begin on December 9, 2024, with Jury Selection taking place on December 6, 2024. *See* Dkt. 98. Mr. Chhipa consented to the exclusion/tolling of the period between March 5, 2024 and December 9, 2024 for the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). *See* Dkt. 101. Since undersigned counsel has been

---

[1] All page numbers referenced throughout are cites to the serialized page number provided by the ECF system upon filing

appointed to the case, this matter has not been continued, and the government has produce discovery to defense counsel on a rolling basis.

On August 15, 2024, a grand jury in this district returned a superseding indictment charging Chhipa with these same counts previously changed; however, it changed the date range of the alleged conspiracy from December 2020 through February 2022 to October 2019 through October 2022. *See* Dkt. 117.

Mr. Chhipa, through counsel, filed several pre-trial motions to suppress evidence in this matter, Dkts. 111; 155; 156; 164, and a motion to take a deposition pursuant to Fed. R. Crim. P. 15, Dkt. 173. These motions were denied by the Court on November 5 and 6, 2024. *See* Dkts. 196; 197; 202.[2] The government filed several pre-trial notices pursuant to the Classified Information Procedures Act ("CIPA") because it believed that "issues of discovery, disclosure, or use of classified information may arise during this case[.]" Dkt. 28. The parties conferred and resolved all outstanding matters concerning the use of classified material, that cleared counsel has been permitted access to, at trial. Dkt. 162.

Mr. Chhipa has recently filed a motion *in limine,* Dkt. 212, as of the filing of the instant pleading the government has not responded. The government has also recently filed four motions *in limine*. *See* Dkts. 177; 178; 203; 206. As of the filing of the instant pleading, only two of these motions, Dkts. 177 and 178, have been fully briefed by the parties and are ripe for disposition.

---

[2] Mr. Chhipa has also filed a number of motions, *pro se*, throughout this case. *See* Dkts. 47; 52; 57; 58; 93; 129; 130; 131; 132; 133; 134; 135; 136; 137; 138; 139; 140; 141; 142; 143; 144; 145 146; 147; 148; 149; 150; 151; 152; 153; 154. These *pro se* pleadings have all been denied— except for his motion for new counsel—as improperly filed, given that Mr. Chhipa has chosen to be represented by counsel. *See* Dkt. 53; 56; 90; 159.

3

The parties have conferred and filed their proposed Joint Jury Instructions, along with tendering disputed instructions to the Court. *See* Dkts. 190; 191; 195. The parties have filed their respective memorandums in support of their position regarding the disputed instructions, Dkts. 205; 209, and the matter is ripe for disposition. Mr. Chhipa has also filed his proposed *voir dire* questions, Dkt. 189, and the parties have filed their respective briefing on his tendered questions, Dkts. 201; 210, as such, the matter is ripe for disposition. The government has filed its proposed *voir dire* questions, Dkt. 217, and Mr. Chhipa has not yet responded to these proposed questions.

A final pre-trial conference is scheduled for November 19, 2024. As stated above, most of the outstanding matters in this case are ripe for disposition—should the Court choose to rule before the scheduled pre-trial conference. The only issues outstanding, as of the filing of the instant pleading, that still have briefing left to be completed—Mr. Chhipa's Responses and the government's Replies—relate to the government's motion *in limine,* Dkts. 203; 206, and the government's Response and Mr. Chhipa's Reply related to his motion *in limine,* Dkt. 212. There may still be objections to exhibits and/or expert witnesses as those disclosures have not yet been provided.

**II.     The Parties, Counsel, Trial Status, Stipulations, Defendant's Testimony**

Mr. Chhipa, the defendant, is currently detained pending trial in the Alexandria Detention Center; he has been detained since his arrest on May 4, 2023—over one year and six months ago. Mr. Chhipa is a United States Citizen and has resided in the Northern Virginia community for over thirty years. At the time of his arrest in the instant matter Mr. Chhipa was gainfully employed. Mr. Chhipa reads and write the English language and will not require the assistance

of an interpreter in this case. Mr. Chhipa has plead not guilty to the superseding indictment and has requested a trial by jury.

Mr. Chhipa is currently represented by CJA appointed attorneys Jessica N. Carmichael and Zachary A. Deubler. Both of Mr. Chhipa's attorneys hold security clearances and can access and review classified material. Defense counsel will be using the services of a litigation support specialist during the trial—to call up and keep exhibits—her name is Pamela Hannon (*née* Bishop). The United States is represented by Anthony T. Aminoff, Amanda St. Cyr, Andrew J Dixon, and Andrea Broach. The Court previously designated Harry J. Rucker as the Classified Information Security Officer in this case. *See* Dkt. 34.

None of Mr. Chhipa's trial witnesses will require the assistance of an interpreter at trial. At this time, it is unknown (to defense counsel) if any of the government's witnesses require the use of an interpreter.

The parties have agreed to several stipulations regarding (1) the authenticity of certain Business Records; (2) the authenticity, foundation, and proper chain of custody for certain electronic devices seized from Mr. Chhipa's home and person; (3) the authenticity, foundation, and proper chain of custody and hearsay exception for bank surveillance footage; (4) the authenticity, foundation, and proper chain of custody for certain photographs of U.S. currency; and (5) that the user of a particular Facebook profile, at all times during this case was a paid confidential human source operating at the direction of a foreign government. These stipulations will be filed with the Court on or before December 3, 2024.

As previously stated, a jury trial is scheduled for December 9, 2024, with Jury Selection taking place on December 6, 2024, all proceeding before the Honorable David J. Novak. The

trial was previously estimated to take, at most, two weeks. Counsel for Mr. Chhipa is prepared to proceed to trial on December 9, 2024.

Finally, Mr. Chhipa is aware of his constitutional rights to testify or to remain silent at his upcoming trial. Mr. Chhipa understands that if he chooses to remain silent, the Jury can make no negative interference from this decision; he further understands that if he decides to testify, he will be subject to cross-examination by the government. Mr. Chhipa shall inform the Court of his decision of whether or not he will testify at the appropriate time, and no sooner than before the close of the government's case.

## THE CHARGES[3]

### I. Count One: Conspiracy to Provide Material Support or Resources to an FTO— (18 U.S.C. § 2339B)

Count One of the succeeding indictment charges that at least from in or about October 2019 and continuing through at least October 2022, Mr. Chhipa conspired with Unindicted Co-Conspirator 1 ("UCC-1") and others to provide material support and resources to a designated foreign terrorist organization, that is, ISIS. Dkts. 177; 190, pg. 36. The essential basis for this charge, as alleged by the government, is that Mr. Chhipa collected and transferred U.S. money—primarily through cryptocurrency exchanges—to female ISIS members located in Syria for the benefit ISIS. Dkt. 117, ¶3. Specifically, in or around the fall of 2019, Mr. Chhipa allegedly took cash deposits that he was making to his bank accounts and transferred these funds—through the Coinbase and Binance cryptocurrency exchanges—to individuals located in Turkey. Dkt. 4, ¶29. From Turkey, the government postulates that the money made its way to Syrian ISIS members.

---

[3] For simplicity, unless otherwise indicated, all citations concerning the criminal offenses and the elements thereof are to the agreed-upon jury instructions that the parties previously submitted and agree are accurate statements of controlling law.

In order to obtain a conviction under Count One, the government must prove at trial, beyond a reasonable doubt, the following elements: "(1) that two or more persons entered into an agreement that had as its objective providing material support or resources to a foreign terrorist organization; (2) that the defendant knowingly and voluntarily became a part of that agreement; and (3) that the defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism." Dkt. 190, pg. 38.

As such, the government must prove that Mr. Chhipa had knowledge that the organization (ISIS) was/is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined by law) … , or that the organization has engaged or engages in terrorism (as defined by law). *Ibid.*, at 37.

Regarding the conspiracy component, "the government must prove [beyond a reasonable doubt] that the [Mr. Chhipa] and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in Count One of the Indictment." *Ibid.*, at 39. Further, the government must prove that before Mr. Chhipa supposedly became a member of the conspiracy, he "knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action." *Ibid.*, at 41.

**II.     Counts Two through Five: Providing and Attempting to Provide Material Support or Resources to an FTO— (18 U.S.C. § 2339B)**

Counts Two through Five of the indictment allege that Mr. Chhipa knowingly provided and attempted to provide material support and resources to an FTO (ISIS) on or about August 15-16, 2021; October 28-November 3, 2021; November 18-24, 2021; and January 13-26, 2022.

*See* Dkt. 190, pg. 44. The essential basis for these counts, as alleged by the government, is that on four specific dates, Mr. Chhipa collected U.S. currency—totaling $840.00—directly from an FBI undercover and subsequently transferred that money to UCC-1—who the government alleges is in Syria. Dkt. 117, pp. 2-3.

Just as for Count One, the government must prove that Mr. Chhipa had knowledge that the organization (ISIS) was/is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined by law) … , or that the organization has engaged or engages in terrorism (as defined by law). Dkt. 190, pg. 45. Broken into its individual criminal elements, the government must prove beyond a reasonable doubt that: (1) Mr. Chhipa provided or attempted to provide material support or resources to a foreign terrorist organization; (2) that he acted knowingly; and (3) that he knew that the organization was a designated terrorist organization, or that the organization had engaged/ was engaging in terrorist activity. *Ibid.*, at 46.

### III. Allegations and Factual Background

The allegations in this case are all too well known to this Court, and the government will undoubtedly restate them again. As to additional factual background, as the Court is also aware, Mr. Chhipa has been under the government's watchful eye for nearly two decades, with the Federal Bureau of Investigation ("FBI") first making Mr. Chhipa the target of a criminal investigation in March 2009. As detailed in his prior submissions, Dkts. 111; 126; 155; 156, following the opening of this initial 2009 investigation—based on statements Mr. Chhipa supposedly made during a CBP interview—Mr. Chhipa was the subject of intense surveillance, which resulted in the government warrantlessly collecting significant amounts of Mr. Chhipa's personal and private data. Though this investigation was purportedly closed in September 2018,

the FBI reopened a criminal investigation into Mr. Chhipa a few months later, in March 2019 after a Facebook account that he owned started to post "radical" content.

During the intervening four years, Mr. Chhipa was the subject of countless searches (some of which were warrantless) of his online accounts, residence, cars, and devices. During this time, Chhipa revealed, on multiple occasions, his desire to marry and establish a family of his own. Mr. Chhipa's personal hopes were expressed to multiple undercover FBI agents posing as confidants. Repeatedly failing in this endeavor, Mr. Chhipa was despondent, lonely, helpless, and unwanted. Then, in early 2019, Mr. Chhipa seemingly happened upon Ms."T.M." online—a purportedly Muslim woman who was willing to overlook Mr. Chhipa's self-professed shortcomings. Indeed, T.M. appeared thoughtful, kind, and committed to being with Mr. Chhipa; going so far as to discuss their mutual desire to marry during their many conversations.

To facilitate their plans, T.M. introduced Mr. Chhipa to her female friend, a woman with whom Mr. Chhipa conversed extensively about personal matters. This "friend" assessed Mr. Chhipa's character and his fitness as a potential husband for T.M. After offering her approval of the relationship, T.M.'s friend then introduced Mr. Chhipa to her cousin, who was purportedly living in the United States and was going to be T.M.'s wali—a guardian who could offer T.M's hand in marriage but only if he approved. In a show of commitment, Mr. Chhipa drove all the way from Fairfax, Virginia, to Savannah, Georgia, to meet with T.M.'s wali so that the wali could assess and hopefully broker the marriage between Mr. Chhipa and T.M. The two met again in Maryland three months later as well. Unknown to Mr. Chhipa, however, was the fact that this entire cast of characters were covert government agents—or individuals working with the government—to ensnare and spy on him.

Looking back, it is clear that these government agents were not only concerned with spying on Mr. Chhipa, but also seeking to build the most robust criminal case they could. Indeed, these covert government agents were not just passive observers but central players in the narrative they constructed and controlled. For example, Mr. Chhipa was confronted by T.M.'s friend (OCE-5) who continued to insist that Mr. Chhipa was withholding information and that T.M. did not fully trust his transparency—an apparent attempt to try to get Mr. Chhipa to incriminate himself while he was vulnerable. Likewise, during Mr. Chhipa meeting with T.M.'s fake wali (UCE-2), Mr. Chhipa was encouraged to keep giving money to the women in Syria and told he was a "good brother" for taking care of people in this way—referring to Mr. Chhipa's support of these women in the Syrian refugee camps. This was the man ostensibly empowered with the authority to approve or disapprove of Mr. Chhipa's marriage to the woman he wanted to be with forever. Simply put, Mr. Chhipa was duped and induced by a series of undercover government agents; first his false bride, then her friend (OCE-5), then her friend's relative (UCE-2).

The subsequent alleged money transfers were also partially at the behest of an undercover FBI operative. In fact, an undercover agent was the individual who met with Mr. Chhipa and provided the funds for him to allegedly send to Syria.

**OUTSTANDING ISSUES**

As previously stated, Mr. Chhipa flags the following issues that have yet to be resolved pre-trial:

1. Mr. Chhipa's recently filed a motion *in limine,* Dkt. 212. Here, Mr. Chhipa has asked that this Court to preclude the government from referring to the Al-Hol Internally

Displaced Persons (IDP) camp as a "prison camp." As of the filing of the instant pleading, the government has not filed a response to Mr. Chhipa's motion.

2. The government has also recently filed four motions *in limine*. *See* Dkts. 177; 178; 203; 206. As of the filing of the instant pleading, only two of these motions—Dkt. 177 (government's motion to admit 404(b) evidence) and Dkt. 178 (government's motion to admit co-conspirators' statements)—have been fully briefed by the parties and are ripe for disposition. *See* Dkts. 187; 188 (Mr. Chhipa's responses to the government's motion), and Dkts. 198; 199 (government's Reply). Mr. Chhipa has filed responses in opposition to the government's motions *in limine* to exclude the entrapment defense, Dkt. 214, and to quash his witness subpoenas, Dkt. 215. The government has not, as of yet, filed any replies to these Responses in Opposition.

Mr. Chhipa is unaware of any other issues that have not been highlighted previously to the Court.

## **CONCLUSION**

Should any additional issues arise, Mr. Chhipa respectfully requests leave to submit such further briefing as may be necessary.

                                                  Respectfully Submitted,
                                                  MOHAMMED AZHARUDDIN CHHIPA,
                                                  By Counsel
                                                            /s/
                                                Zachary A. Deubler, Esq. VSB #90669
                                                Jessica N. Carmichael, Esq. VSB #78339
                                                CARMICHAEL ELLIS & BROCK, PLLC
                                                108 N. Alfred Street, 1st FL
                                                Alexandria, Virginia 22314
                                                (703) 684-7908
                                                zach@carmichaellegal.com
                                                jessica@carmichaellegal.com

## **CERTIFICATE OF SERVICE**

      I certify that on November 12th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties to this action.

                                              /s/
                                   Zachary A. Deubler, Esq.