IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MOHAMMED AZHARUDDIN CHHIPA,<br><br>     *Defendant*. | Case No.: 1:23-cr-97 (DJN) |

**DEFENDANT'S NOTICE REGARDING OBJECTIONS
TO CO-CONSPIRATOR STATEMENT EXHIBITS**

Mr. Chhipa asks that this Honorable Court take notice of Defendant's objections to the attached exhibits. Counsel for Mr. Chhipa has conferred with the government and resolved one objection to one exhibit; the one discussed in Court on November 19, 2024 that the government agreed to forgo. That exhibit is not among the attached.

**Background**

On October 25, 2024, the government filed its motion *in limine* to admit statements of co-conspirators. Included in this motion were general descriptions of some exhibits and broad references to categories of exhibits. *See* ECF No. 178. Not all the government's exhibits were mentioned in its motion, and the government's

exhibits themselves had not been produced.[1] On November 14, 2024, after the filing of the Government's motion and the defense's response, the government provided a bulk production of anticipated exhibits, many of which were co-conspirator statement exhibits. The government has advised that this production does not constitute all of the government's exhibits.

Defense counsel reviewed the exhibit production in advance of the final pretrial conference and flagged six exhibits for objection on separate Rule 403 grounds apart from the hearsay issue of whether the statements could be properly admitted as co-conspirator statements. At the pretrial conference, the Court allowed for additional time to meet and confer on the objected exhibits.

Following the pretrial conference on November 19, 2024, the parties met and conferred that afternoon on the six defense-flagged exhibits. On November 20, 2024, the Court's written order on the Government's Motion in Limine to Admit Co-conspirator statements was docketed. *See* ECF No. 240. This Order limited the government's exhibits to those that establish the conspiracy, or that were made in furtherance of the conspiracy *and that are tethered to Defendant's actions. Ibid.* at 1-2. (emphasis added).

Based on this narrowing of permissible co-conspirator exhibits, counsel for Mr. Chhipa has gone back through the bulk production of exhibits and has now flagged for the Court and the government exhibits that the defense objects to as not

---

[1] Discovery had been produced at that point, but within the over terabyte of material the government had not identified actual exhibits.

conforming to the more limited parameters set by the Court. Defense counsel attempted to meet and confer with the government on these additional disputed exhibits, but the government declined explaining that it believes that the exhibits conform to the Court's order.

The government's position is that these additional exhibits were already permitted wholesale by the Court in its granting of the motion *in limine*, and that the defense is relitigating settled issues. If that is the situation, defense counsel apologizes for any time wasted on this notice. However, defense counsel has a different interpretation of the Court's ruling, and believes that the Court found that it had enough information to conclude a conspiracy existed and thus authorized the admittance of co-conspirator statements made in furtherance of the conspiracy generally with respect to the categories referenced in the government's motion, but that each exhibit was still to be examined to ensure that it meets this standard and that it was tethered to the Defendant's conduct. The defense position also rests in part on the fact that not all the exhibits were referenced in the government's motion *in limine* (unless the government characterizes a reference to an exhibit as as a broad statement on a general category of information) and therefore it would not even be possible to have objected specifically to each one.

Moreover, the government has not yet produced all of its exhibits. Thus, it is also the defense's position that Mr. Chhipa cannot be expected to have forgone objections to exhibits he has not seen. To that end, defense counsel asked the government if it would be willing to produce all co-conspirator statement exhibits

shortly to try to reach pre-trial resolution on each exhibit, however, the government declined. Thus, Mr. Chhipa may have additional objections as the exhibits are produced.

## Objections

For the co-conspirator statement exhibits that have been produced, Mr. Chhipa has the following objections: [2]

| Notice Exhibit numbers | Declarants | Subject | Objection |
|---|---|---|---|
| 1 through 2 | UCC-1 and unknown | Contextual information about UCC-1's true identity | Statements offered for their truth, not in furtherance of conspiracy, and not tethered to defendant's alleged conduct. |
| 3 | UCC-1 and CHS-5 | Discussion of CHS-5 sending money to UCC-1 | Statements offered for their truth, not in furtherance of conspiracy, and not tethered to defendant's conduct. UCC-1's separate fundraising efforts not involving Mr. Chhipa. All of UCC-1's fundraising efforts do not constitute one conspiracy. There are no agreements formed between Mr. Chhipa and other possible donors, even if the alleged ultimate recipient of the funds is the same. |
| 4 through 6 | UCC-1 and CHS-9 | Fundraising efforts between UCC-1 and CHS-9 | Statements offered for their truth, not in furtherance of conspiracy, and not tethered to defendant's conduct. UCC-1's |

---

[2] The exhibit numbers given below are not those assigned by the government. Undersigned counsel has given these exhibits numbers for the purposes of this notice and objection only and for ease of reference by the Court.

4

| | | | separate fundraising efforts not involving Mr. Chhipa. All of UCC-1's fundraising efforts do not constitute one conspiracy. There are no agreements formed between Mr. Chhipa and other possible donors, even if the alleged ultimate recipient of the funds is the same. |
|---|---|---|---|
| 7 through 8 | UCC-1 and multiple unknown users | Brief references to money collection between the two speakers. | Statements offered for their truth, not in furtherance of conspiracy, and not tethered to defendant's conduct. UCC-1's separate fundraising efforts not involving Mr. Chhipa. All of UCC-1's fundraising efforts do not constitute one conspiracy. There are no agreements formed between Mr. Chhipa and other possible donors, even if the alleged ultimate recipient of the funds is the same. |
| 9 through 22 | UCC-1 and multiple unknown users | UCC-1 communicating with others identifying UCC-1's various social media handles. | UCC-1 identifying her various social media handles to other individuals, not Mr. Chhipa, is being used by the government to establish that all of these individuals are UCC-1. This means that the government offers them for the truth. However, they are not statements in furtherance of the conspiracy, and even if they were, they are not tethered to Mr. Chhipa's alleged conduct. |
| 23 through 24 | UCC-1 and CHS 9 | Discussion about an explosive belt and that living in IS was like a dream | Statement is offered for its truth, and UCC-1's conversations with others about what may be her general affinity for ISIS is not a statement in furtherance of a conspiracy with |

5

|  |  |  | Mr. Chhipa to provide material support.[3] |
|---|---|---|---|
| 25 through 26 | UCC-1 and unknown | Speaking favorably about ISIS | Statement is offered for its truth, and UCC-1's conversations with others about what may be her general affinity for ISIS is not a statement in furtherance of a conspiracy with Mr. Chhipa to provide material support.[4] |
|  |  |  |  |
| 27 through 28 | UCC-1 general public post | Speaking favorably about ISIS | Statement is offered for its truth, and UCC-1's conversations with others about what may be her general affinity for ISIS is not a statement in furtherance of a conspiracy with Mr. Chhipa to provide material support.[5] |

In addition to these exhibits referenced above to which Mr. Chhipa objects as constituting inadmissible hearsay, Mr. Chhipa also objects to exhibits 29 through 32 as both inadmissible hearsay *and* unduly prejudicial in violation of Rule 403. Exhibit 29 (pages 36-40, which are the only pages the government intends to

---

[3] The government has indicated it needs such information because it is required to show that these UCC-1 is an ISIS member. While that may be a correct statement of the government's burden, it does not mean that the government is permitted to introduce hearsay to try to establish it. There is no "it is necessary to prove the government's case" exception to the hearsay rule. These statements are out of court statements offered for their truth; that these account belong UCC-1 and that she is an ISIS member. They also are not in furtherance of any conspiracy because UCC-1's own musings about how she may enjoy ISIS does not further the conspiracy, especially if cannot even be said that Mr. Chhipa saw any of these posts. Thus, it is not a statement in furtherance of the conspiracy and, even if it was, it is not tethered to the defendant's conduct per the Court's order. ECF No. 240.

[4] *See supra* n. 3.

[5] *See supra* n. 3.

6

introduce) is a conversation between UCC-1 and CHS-9 about planning an attack on the west and is not a statement in furtherance of Mr. Chhipa's alleged conspiracy or substantive offenses of providing material support. It is not tethered to Mr. Chhipa's alleged conduct. The other exhibits, 30 through 32, are photos and text that UCC-1 posted publicly on her social media pages.

The government again contends that it needs these exhibits to prove that UCC-1 was an ISIS member. Mr. Chhipa maintains his objection that the government may not attempt to prove this through inadmissible hearsay. To the extent publicly posted *photos* are permitted, or to the extent the Court overrules the hearsay objections, Mr. Chhipa objects to these exhibits on the basis of Rule 403. There are many other photos in UCC-1's social media that the government intends to introduce that may equally establish UCC-1's alleged affiliation with ISIS. Examples include a picture of the ISIS flag, ISIS women walking with an armed guard, and a crowd of fighters with firearms.

It is unnecessary, and unduly prejudicial to try to introduce a photo of an explosion, a picture of a 3-year-old practicing a beheading on a bottle, and the other inflammatory content contain in exhibits 29 through 32. The introduction of these specific exhibits constitutes an attempt to sway the jury on emotion, particularly since the government's objective can be achieved through presenting other photographs. Moreover, their probative value is also extremely limited given that there is no evidence Mr. Chhipa saw these general posts, or this conversation with

7

CHS-9, and therefore does not make the question of whether he provided material support to a foreign terrorist organization any any more or less probable.

Respectfully Submitted,
MOHAMMED CHHIPA,
By Counsel

_____/s/_____
Jessica N. Carmichael, VSB #78339
Zachary A. Deubler, VSB #90669
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, 1st Floor
Alexandria, VA 22314
703.684.7908 (T)/703.649.6360 (F)
zach@carmichaellegal.com
jessica@carmichaellegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2024, I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

                                                  _____/s/_____
                                                  Jessica N. Carmichael