IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MOHAMMED AZHARUDDIN CHHIPA,<br><br>Defendant. | Case No. 1:23-cr-97<br><br>Hon. David J. Novak<br><br>Trial: December 6, 2024 |

**GOVERNMENT'S MOTION FOR SUPPLEMENTAL
<u>JURY INSTRUCTION ON FOREIGN ENTRAPMENT</u>**

The United States, by and through undersigned counsel, hereby respectfully submits a proposed supplement to the jury instructions in this case regarding foreign entrapment. It appears that one of the primary defenses will be entrapment, likely including the involvement of the paid confidential human source identified as T.M. However, a foreign source, acting at the direction of a foreign government, cannot entrap a defendant. Accordingly, a supplement to the jury instructions is warranted to ensure the jury does not consider T.M. in its assessment of the defendant's entrapment defense.

In *United States v. Perl*, 584 F.2d 1316 (4th Cir. 1978), the defendant was convicted of willfully attempting to damage property utilized by foreign officials (specifically, the Soviet Union) in violation of 18 U.S.C. § 970, unlawfully receiving a firearm purchased outside the State of Maryland in violation of 18 U.S.C. § 922(a)(3), and conspiracy, in violation of 18 U.S.C. § 371. *Perl*, 584 F.2d at 1318. At trial, the defendant's entire defense rested on the argument that he had been entrapped by his accomplice, a man who testified that he had intended to turn the defendant over to "the authorities" prior to the commission of any violent act. *Id*. at 1319. The defendant asked for three jury instructions regarding entrapment, including one that stated, "[the] defense of

entrapment is open to the defendant … if [the accomplice] was at (the time of entrapment) working on behalf of the Israeli government, if the Israeli government intended to turn [the defendant] over to American law enforcement authorities." *Id*. at 1321 n.3. The Fourth Circuit upheld the trial court's denial of all three entrapment instructions, unequivocally stating that "[b]y government involvement, we mean involvement of federal, state or local law enforcement officials or their agents. … We do not mean involvement by agents of a foreign government." *Id*. (citation omitted). As the Fourth Circuit explained,

> [T]he principal purpose of the entrapment defense as it has developed in the federal courts is to deter official misconduct in the investigation of criminal activity. As we have elsewhere said: 'The defense of entrapment rests on the premise that the purpose of Law enforcement is the prevention, not the manufacture, of crime.' … This purpose would no more be served by extending the doctrine to include entrapment by foreign agents than it would be by extending the defense to include entrapment by private citizens.

*Id*. (citations omitted).

The stipulation regarding T.M., which the Court has read into evidence during trial, states clearly that "the user operating the Facebook profile, Tasneem Mac, at all relevant times in this case, was a paid confidential human source, operating *under the control of a foreign government*." ECF No. 259 at 7 (emphasis added). There has been no additional evidence introduced that T.M. was being controlled or directed by the United States. As a result, as a matter of law, T.M. cannot have entrapped the defendant. Even if the defense does not argue that T.M. specifically entrapped the defendant, the frequent references to this source throughout the trial—including in relation to the two witnesses testifying as Dale Davis and Imran Jones, who are almost certainly to be the backbone of the defense's entrapment argument—will likely confuse the jury without a specific instruction addressing the matter.

Therefore, the government respectfully requests that the Court supplement the existing jury instruction on entrapment in this case with the following:

2

> The government overreaching and conduct required for entrapment specifically means the involvement of U.S. federal, state, or local law enforcement agents or their agents, but does not mean involvement by the law enforcement of a foreign government or its agents. Agents of a foreign government cannot entrap a defendant unless they are acting at the direction of U.S. law enforcement.

The United States proposes that the Court read this language at the end of the third-to-last paragraph in existing Instruction No. 46. *See* ECF No. 230-2 at 56.

                                            Respectfully submitted,

                                            Jessica D. Aber
                                            United States Attorney

By:    /s/
            Anthony T. Aminoff
            Amanda St. Cyr
            Assistant United States Attorneys
            United States Attorney's Office
            2100 Jamieson Avenue
            Alexandria, VA 22314
            Phone: (703) 299-3700
            Fax: (703) 299-3980
            Email: anthony.aminoff@usdoj.gov
                        amanda.st.cyr@usdoj.gov

            Andrew J. Dixon
            Trial Attorney
            Counterterrorism Section
            National Security Division
            U.S. Department of Justice

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:          /s/
Amanda St. Cyr
Assistant United States Attorney
U.S. Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: amanda.st.cyr@usdoj.gov