# SENTENCING MINUTES

DATE: MAY 7, 2025                    CASE NUMBER: 1:23CR097 (DJN)

JUDGE: David J. Novak, USDJ          CT REPORTER: Rebecca Stonestreet, OCR

INTERPRETER: _____

UNITED STATES OF AMERICA             Anthony T. Aminoff
                                     Andrew J. Dixon        , AUSA

v.                                   COUNSEL
                                     Jessica N. Carmichael
Mohammed Azharuddin                  Zachary A. Deubler     , ESQ.
Chhipa
                                     ( ) Criminal Information
SENTENCING ON COUNT(S): 1-5          ( ) Indictment (✓) Superseding Ind.

PRELIMINARY MATTERS: Pre-sentence report reviewed
Court will grant deft's motion for variance.
_____

OBJECTIONS TO PSR: Defendant's objections to PSR argued
and rulings made - OVERRULED

STATEMENTS MADE BY: GOV'T (✓) DEFENSE COUNSEL (✓) DEFT (✓)

ON MOTION OF GOV'T, ( ) INDICTMENT ( ) REMAINING CTS. DISMISSED.

DEFENDANT TO VOLUNTARILY REPORT TO DESIGNATED INSTITUTION
ON: _____ BY: _____
( ) IF NO DESIGNATION MADE, REPORT TO U.S. MARSHAL IN RICHMOND

DEFT ADVISED OF RIGHT OF APPEAL within 14 days of today (✓)

DEFT REMANDED TO CUSTODY (✓)

CASE SET: 10:30 BEGAN: 10:32 ENDED: 11:33 TIME IN COURT: 1:01

PAGE TWO (2)

**SENTENCE TEXT**

COUNT __1__    IMPRISONMENT __240__ MOS.    CONCURRENT (✓)  CONSECUTIVE ( )
                                                    COUNTS 2-5
CREDIT FOR TIME SERVED ON THIS CHARGE (✓)

SUPERVISED RELEASE __10__ YEARS

PROBATION _____ YEARS

FINE $_____    (✓) Fine not imposed

SPECIAL ASSESSMENT $ __100.00__ due immediately

COUNT __2__    IMPRISONMENT __91__ MOS.    CONCURRENT ( )  CONSECUTIVE (✓)
                                                    COUNTS 3-5
SUPERVISED RELEASE __10__ YEARS    CONCURRENT ( )

PROBATION _____ YEARS    CONCURRENT (✓)

FINE $_____    (✓) Fine not imposed

SPECIAL ASSESSMENT $ __100.00__ due immediately

COUNT __3__    IMPRISONMENT __91__ MOS.    CONCURRENT ( )  CONSECUTIVE (✓)
                                                    COUNTS 1, 3-5
SUPERVISED RELEASE __10__ YEARS    CONCURRENT (✓)

PROBATION _____ YEARS    CONCURRENT ( )

FINE $_____    (✓) Fine not imposed    SA - $100.00

COUNT __4__    IMPRISONMENT __91__ MOS.    CONCURRENT ( )  CONSECUTIVE (✓)
                                                    COUNTS 2, 3, & 5
SUPERVISED RELEASE __10__ YEARS    CONCURRENT (✓)

PROBATION _____ YEARS    CONCURRENT ( )

FINE $_____    (✓) Fine not imposed

SPECIAL ASSESSMENT $ __100.00__ due immediately

PAGE TWO (2)

**SENTENCE TEXT**

COUNT __5__    IMPRISONMENT __91__ MOS.    CONCURRENT ( )    CONSECUTIVE (✓) Counts 2-4

CREDIT FOR TIME SERVED ON THIS CHARGE (✓)

SUPERVISED RELEASE __10__ YEARS

PROBATION _____ YEARS

FINE $_____    (✓) Fine not imposed

SPECIAL ASSESSMENT $ __100.00__ due immediately

COUNT _____    IMPRISONMENT _____ MOS.    CONCURRENT ( )    CONSECUTIVE ( )

SUPERVISED RELEASE _____ YEARS    CONCURRENT ( )

PROBATION _____ YEARS    CONCURRENT ( )

FINE $_____    ( ) Fine not imposed

SPECIAL ASSESSMENT $_____ due immediately

COUNT _____    IMPRISONMENT _____ MOS.    CONCURRENT ( )    CONSECUTIVE ( )

SUPERVISED RELEASE _____ YEARS    CONCURRENT ( )

PROBATION _____ YEARS    CONCURRENT ( )

FINE $_____    ( ) Fine not imposed

SPECIAL ASSESSMENT $_____ due immediately

CONSENT ORDER OF FORFEITURE MADE A PART OF JUDGMENT IN CASE ( )

RESTITUTION ORDERED: _____

RECOMMENDATION(S) TO BOP:
( ) Designate dft. to a facility near family    ( ) Designate dft. to _____ FCI
( ) SHOCK Incarceration Program    ( ) BRAVE Program
( ) Educational / Vocational training    ( ) BOP 500-hr intensive drug treatment program
( ) UNICOR program  ( ) with _____ portion of earnings directed to child support
( ) OTHER: _____

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of the monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner. To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.
2) The defendant shall not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms or other environment, including but not limited to YouTube, Facebook, or Instagram, without prior permission from the probation officer. The defendant shall provide account information to the probation officer, to include usernames and passwords.
3) The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.
4) The defendant's written online communications, if any, shall be conducted in the English language, unless the defendant receives the approval of the supervising officer.
5) The defendant shall not communicate or otherwise interact (i.e., in person; through a third party; by telephone or mail, electronic or otherwise; or through social media websites and applications) with any individual known to be associated with a terrorist organization (domestic or foreign), including, but not limited to, the Islamic State of Iraq and al-Sham (ISIS).
6) The defendant shall not possess, view, access, promote, disseminate, or otherwise use material that reflects extremist or terroristic views, (domestic or foreign) and the Islamic State of Iraq and al-Sham (ISIS).
7) The defendant shall not be in possession of any items which specifically represent, reference, or are associated with the Islamic State of Iraq and al-Sham (ISIS) extremist organization or any other known terrorist organization (domestic or foreign).
8) The defendant shall provide the probation officer access to any requested financial information.
9) The defendant shall not possess or use marijuana.
10) The defendant must either work, perform community service or pursue approved educational course training, which can include programs for substance abuse and mental health treatment, in the combined amount of 30 hours per week, beginning 60 days after the defendant's release from custody. This condition may be modified by the probation officer as needed.
11) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $25.00, starting 60 days after supervision begins until paid in full.